George F. Weaver Sons Company et al., Plaintiffs, *v.* City of Utica et al., Defendants.

Supreme Court, Oneida County, October 27, 1949.

*August Merrill* for plaintiffs.

*J. Herbert Gilroy, Corporation Counsel (Stanley Palewski* of counsel), for defendants.

*Daniel B. Myers* for Municipal Housing Authority of the City of Utica, *amicus curiæ.*

SAMUEL J. HARRIS, Official Referee. This action brought in equity, has been referred to me as an Official Referee to hear, try and determine. The plaintiffs are land owners and taxpayers in the city of Utica. The defendants are that city and certain of its officers in their official capacities. The municipal housing authority of the city of Utica is a public corporation created under the authority of the Public Housing Law of the State of New York (Public Housing Law, art. III, § 30 *et seq.,* N. Y. Const., art. XVIII).

Prior to the commencement of this action, the municipal housing authority was established to provide low rent facilities for certain qualified residents of the city of Utica. At the time of the formation of such housing authority, the plaintiff corporation and those interested therein owned a tract of land of some ninety acres in the northern part of the city of Utica. Such tract was bounded on the north by the city line and on the south

by Herkimer Road. Originally, the housing authority intended to take and occupy for its purposes, such entire tract of land owned by the plaintiffs. Later it was determined that it would divide its building plan into two projects and for one it would need only some eleven acres of the land of the plaintiffs. The eleven acres taken for the present project lay between Herkimer Road and the remainder of the ninety acres, thus cutting off the remaining property from any street bordering on its south and from any access to Herkimer Road. Originally, the plaintiffs had been assessed for the construction and maintenance of Herkimer Road. Following the procedure set forth in the Public Housing Law, the housing authority, the State of New York and the City of Utica entered into an agreement for the building of the project on the eleven acres to be taken from the plaintiffs' land and in that agreement, provision was made that the housing authority, in obtaining possession of the eleven acres, should take in condemnation proceedings, sufficient land on the north side of the eleven acres and on the east side of the eleven acres so as to provide a street between the remainder of the ninety acres and the eleven acres to be known as School Road and a street on the east side of the eleven acres to be known as Van Rensselaer Road and thus give access from the remainder of the plaintiffs' property to the south and to Herkimer Road.

At the time when it was determined to condemn the eleven acres of the plaintiffs' property, the corporate plaintiff, George F. Weaver Sons Company, was under control of the United States District Court, having previously sought that refuge as a debtor under chapter 10 of the Bankruptcy Law of the United States (U. S. Code, tit. 11, § 501, *et seq.*). When the United States District Court entered its decree taking control of the Weaver Company as a debtor, it placed in its decree the usual stay against any judicial proceedings being brought against such debtor without permission of that court. When the housing authority determined that it desired to take possession of the entire tract owned by the plaintiffs (being some ninety acres), it applied to the District Court for permission to proceed in the State court to condemn the land owned by the plaintiffs' company, and such permission was given by the District Court. The housing authority then began and later abandoned a proceeding to condemn such entire tract. Subsequently and without securing any further permission from the United States District Court, it began a proceeding in the State court to con-

demn the some eleven acres which it desired for project purposes, including the proposed streets, School and Van Rensselaer. In such condemnation proceeding the housing authority obtained possession of the land on which it desired to build and proceeded to construct its project. The condemnation proceedings are now pending before appraisers appointed by the Supreme Court of the State of New York. The plaintiffs at no time have been in the United States District Court to oppose the proceedings therein for the removal of the restraint against suing the Weaver Company and, although made a party to the condemnation proceedings in the Supreme Court of the State, the plaintiffs have not raised any issue in such proceedings except that of the value of the land taken from the plaintiffs in such proceedings.

Under date of May 24, 1948, the municipal housing authority of the city of Utica, New York, by quitclaim deed, transferred to the City of Utica sufficient land along the northerly line and the easterly line of the eleven acres project to lay out and construct the proposed School Road and Van Rensselaer Road. In such deed the portion to be used for School Road is referred to as '' the extension of School Road from Euclid Road easterly ''. The deed to that reads as follows: '' Such premises are to be used only for the purposes of the public right-of-way and for such time as the same are dedicated for street purposes and thereafter to be used for street purposes only.'' This deed was given in compliance with provision of the contract theretofore made on the part of the municipal housing authority, the State of New York and the City of Utica in reference to parcels of land to be deeded to the city and read as follows: '' Two strips of land which are dedicated to the city for two new 60 foot streets. One street will be the extension of School Road easterly from Euclid Avenue to a proposed street on the easterly boundary of the project running north from Herkimer Road and the other will run northerly from Herkimer Road along the easterly boundary of the project to intersect with the first street. * * * The city will, without cost to the project, pave, improve and maintain such streets.''

On delivery of such deed, the City of Utica, by its common council under date of June 2, 1948, ordained as follows: '' That the deed presented to the City Clerk on June 2nd, 1948 by the Municipal Housing Authority of the City of Utica, New York, conveying to the City of Utica, for street purposes, the extension of School Road from Euclid Road easterly, and Van Rensselaer

Avenue from Herkimer Road to School Road extension, is hereby accepted and such streets are hereby declared to be public streets of the City of Utica, New York ".

On May 4, 1949, the common council of the City of Utica adopted the following resolution: " That the Common Council of the City of Utica does hereby declare its intention to pass an ordinance providing for the paving of the following streets: School Road from Euclid Road to Van Rensselaer Avenue, Van Rensselaer Avenue from Herkimer Road to School Road, and that it will act thereupon at a Regular Meeting of the Common Council to be held May 18th, 1949, at 8:00 o'clock P.M., and the City Clerk is hereby directed to publish the requisite legal notice that at such meeting all property owners affected may attend and be heard."

It is here noted that the term " extension of School Road " as used in the deed and ordinance and the contract to which the city, the State and the municipal housing authority were parties, was so used at the time because more than two decades before the project was planned, there had been a piece of land dedicated under the name of School Road lying immediately west of the westerly boundary of the proposed extension. There is no doubt that the original road was long ago abandoned and allowed to be grown over and to be used as part of a playground. At the time of the deed from the municipal housing authority of the two strips for purposes of the city of Utica, there was in force in the city of Utica and still is, the following ordinance:

" Ordinance 62. Section 1. That no street, avenue, highway or alley shall hereafter be accepted or deemed to be accepted by the City of Utica, nor shall be entered upon the tax maps of the said City unless the same shall be free from all liens and encumbrances, and unless a map showing said street, avenue, highway or alley having thereon the written approval of the City Engineer of said City be filed in the office of the Clerk of Oneida County, or a deed thereof be duly accepted by said City, and recorded in said County Clerk's Office, or the land for such street, avenue, highway or alley be acquired, by legal proceedings instituted by said City for the acquisition of property for street purposes.

" Section 2. The City Engineer shall not give the said written approval to said map unless the profile of the said street has been indicated there-on and unless the said street has been graded from street line to street line to grade established by the City Engineer, and said deed shall not be accepted by the City unless

each street, avenue, highway or alley therein described shall be not less than fifty feet in width, and the lines thereof marked and monumented with concrete monuments, except that the Common Council upon the recommendation of the City Engineer may by ordinance permit the extension of an existing street or the opening of a new street to a width of less than fifty feet.''

In monumenting the two proposed streets there were used iron markers instead of concrete markers as provided in the ordinance. Except for the resolution of May 5, 1949, by the common council declaring its intention to pass an ordinance providing for the paving of the two proposed new streets, there had been no further steps by the city to complete the construction of such streets nor to assess the plaintiffs therefor. This undoubtedly is due to the fact that the present action has been brought.

In this action the plaintiffs ask that the defendants be enjoined and restrained from constructing the proposed School Road and from making any assessments against the plaintiffs for such construction and maintenance. The burden of the complaint on which the plaintiffs base their prayer for relief is that the taking of the some eleven acres for the project was without the permission of the United States District Court, and that the taking by condemnation of sufficient land to constitute two new streets was illegal in being without the power and authority of the municipal housing authority and that the city had not complied with the provisions of ordinance No. 62 as above quoted for the acceptance or laying out and the construction of streets within the city and that the proposed streets were not properly monumented with concrete markers. It is evident from the record in this case that what the plaintiffs fear is that they will be assessed for the construction and maintenance of the new school street and the improvements therein. In the course of the proof and of their argument, the plaintiffs have attacked the constitutionality of the Public Housing Law of the State and the legality of the proceedings taken by the municipal housing authority of Utica in gaining land for the project and for the proposed streets. The constitutionality of the Public Housing Law and the legality of the act of the authority has been established. (See *Davidson* v. *City of Elmira*, 180 Misc. 1052, affd. 267 App. Div. 797; leave to appeal denied, 292 N. Y. 723; *Matter of Murray* v. *La Guardia*, 291 N. Y. 320, and *Berek* v. *Golder*, 190 Misc. 366.)

Conceding, as we must, that the Public Housing Law of the State is constitutional and that the municipal housing authority

of Utica has been legally constituted and has proceeded in a legal manner in general, we find in such Housing Law authority to condemn land for the two proposed streets and for their laying out and maintenance by the City of Utica and for the deed so made of the land for the two proposed streets from the housing authority to the City of Utica. (See cases last above cited and Public Housing Law, §§ 99, 120, 123, 126.)

On the question of the failure to mark the proposed streets with concrete monuments, it must be observed that this is a trifling objection to which the serious attention of declaring the project illegal could not be given. Under the Public Housing Law and under the power contained in its own charter, the City of Utica had a right to take over the land and to use it for the construction of streets. Objection is here raised by the plaintiffs of irregularity in that permission was not given by the United States District Court to take the eleven acres instead of the ninety acres. Even though this be a valid claim — and I do not think it is a valid one — it cannot be raised here because it is a collateral attack upon a decree of the United States District Court and the decree of the Supreme Court of the State in the condemnation proceedings and herein there has been shown no fraud nor bad faith in connection with such decrees.

As has been stated above, apparently the chief quarrel of the plaintiffs is based on the assessment that they fear will be placed on them for the construction and improvement of the two proposed streets. On the question of the possible or probable assessment of the plaintiffs, the conclusion is reached herein that the properties of the plaintiffs should not be subject to an assessment for that purpose. In considering this question of assessment, there must be borne in mind how the new school street came into existence. It was to afford to the remaining lands of the plaintiffs a street access to the south in place of Herkimer road which formerly was on their southern line. The new proposed School and Van Rensselaer Roads are to afford an outlet from their remaining property to Herkimer Road which outlet they had lost through the condemnation of their land for the project.

In making the agreement to which the municipal housing authority, the City of Utica and the State of New York are parties for the condemnation of lands for the two proposed streets and the construction of such streets, the parties thereto must have had in mind that they were affording to the plaintiffs outlets from their remaining land in place of the outlet lost

641

through the cutting off of Herkimer Road from their remaining land and this being so, the burden of such expense would fall either on the city at large or on the municipal housing authority. By agreement of the three parties thereto it was provided that " the City will, without cost to the project, accept, pave, improve * * * and maintain such streets ". This quoted paragraph clearly indicates not only that the housing authority of the city of Utica would be free of any expense in reference to the construction and maintenance of such streets but also that the city itself would stand the total expense thereof. It is true that the city ordinances provide a system of assessment for street improvement, such assessments to be against properties benefited but the laying out of the new School Street and Van Rensselaer Road are under the agreement made in reference to the project and do not come within the type of public work for which local assessments should be laid for construction. The cost of such construction is one to be placed on the general funds of the city without recourse to assessment against individual property owners. Because of this conclusion, determination is reached that the plaintiffs are not entitled to the granting of their prayer for restraint against the construction and improvement of the two proposed streets. The foregoing is the decision in the matter and contains such findings and conclusions as are deemed necessary by the Official Referee herein.

Judgment may be entered on this decision as follows: (1) restraining the City of Utica from assessing the plaintiffs' property for the construction of either of the proposed streets or the improvement thereof; (2) dismissing the complaint in all other respects. Such judgment is to be without costs.